Affirmed and Memorandum Opinion filed January 31, 2006









Affirmed and Memorandum Opinion filed January 31, 2006.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00830-CR

_______________

 

SANDINKAS TIERRA JAMERSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 976,467

                                                                                                                                               


 

M E M O R A N D
U M   O P I N I O N

Appellant, Sandinkas Tierra Jamerson, appeals a conviction
for robbery.  In one issue, appellant
contends that she was denied effective assistance of counsel because her
attorney failed to challenge complainant=s in-court identification.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.  








I. 
Background

In February of 2005, the complainant, Alfredo Rodriquez, was
robbed at a gas station.  A man holding a
gun approached the complainant as he opened his car door.  The man with the gun and another unidentified
person beat the complainant.  A woman
later identified as appellant took the complainant=s wallet and car keys from his
pocket, got in his car, and drove away with her unidentified accomplices.  

The complainant called his brother from the gas station.  After his brother arrived at the gas station,
the two drove through the surrounding area looking for the stolen vehicle.
Unable to find the car, the two returned to the gas station and called the
police.  As the complainant was
describing the offense to the police officers, he saw his stolen car pass
by.  The police chased the car until it
crashed into a ditch.  Appellant and the
other two occupants ran out of the car, but appellant slipped and was
apprehended by the police.  The other two
occupants escaped.  Appellant was placed
in a patrol car at the scene where the complainant positively identified her as
the person who took his wallet and keys. 
A jury found appellant guilty of aggravated robbery and assessed
punishment at thirty years= confinement.

II. 
Discussion

In her sole issue, appellant contends that she received
ineffective assistance of counsel when her attorney failed to challenge the
complainant=s in-court identification of
appellant.  She contends that the
complainant=s out-of-court identification of
appellant at the scene of the robbery was obtained by an impermissibly
suggestive procedure.  Thus, appellant
argues, that  her counsel should have
moved to suppress any subsequent in-court identification.








In evaluating an ineffective- assistance- of- counsel claim,
we apply a two prong test. Strickland v. Washington, 466 U.S. 668, 687
(1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App.
1986).  First, we must determine whether
the attorney=s performance was deficient; i.e.,
that the performance fell below an objective standard of reasonableness under
the prevailing professional norms.  Strickland,
466 U.S. at 687B88.  If we find the
attorney=s performance deficient under the
first prong, then we must determine whether the deficient performance
prejudiced the defense to such a degree that the defendant was deprived of a
fair trial.  Id. at 687.  In other words, appellant must show a
reasonable probability that, but for her counsel=s errors, the result of the
proceeding would have been different.  Id.
at 694.

Here, even assuming that appellant would have prevailed on a
motion to suppress had her attorney challenged the complainant=s identification, appellant has
failed to meet her burden under Strickland.  There is a strong presumption that an
attorney=s performance falls within the range
of reasonable assistance.  Id. at
689.  An isolated incident of
alleged miscalculation does not necessarily render counsel ineffective,
especially Awhen the record provides no
discernible explanation of the motivation behind counsel=s actions.@ 
Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  

Appellant did not file a motion for new trial, and the record
is devoid of any information indicating why appellant=s counsel chose not to file a motion
to suppress.  At trial, counsel for
appellant rigorously cross-examined the complainant and the police
officers  concerning the complainant=s initial description of his
attackers.  In her closing argument,
appellant=s counsel argued that mistaken
identification was Athe key thing.@ 
In the absence of any showing to the contrary, we conclude that counsel=s apparent decision to argue
misidentification before the jury rather than file a motion to suppress was
objectively reasonable trial strategy. 

Further, the complainant testified that the third attacker
wore a black bandana, a gray blouse or sweater, and black pants.  A police officer at the scene testified that
appellant was found fleeing from the complainant=s stolen car within hours of the
robbery wearing a black Adoo-rag,@ a gray shirt, and black pants.  Given the incriminating circumstances of
appellant=s arrest, there is not a reasonable
probability that the outcome would have been different had the complainant=s in-court identification been
suppressed.  








Because appellant has failed to meet both prongs of the Strickland
test, we overrule her sole issue. 
Accordingly, the judgment of the trial court is affirmed. 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed January 31, 2006.

Panel consists of
Justices Hudson, Frost, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).